UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN AIR COUNCIL,<br>135 S 19th Street, Suite 300,<br>Philadelphia, PA 19103<br><br>ENVIRONMENTAL INTEGRITY PROJECT,<br>1000 Vermont Avenue NW, Suite 1100<br>Washington, DC 20005, *and*<br><br>CITIZENS FOR PENNSYLVANIA'S FUTURE<br>("PENNFUTURE"),<br>200 First Avenue, Suite 101,<br>Pittsburgh, PA 15222<br><br>*Plaintiffs*,<br>v.<br><br>MICHAEL REGAN, in his official capacity as<br>Administrator,<br>U.S. Environmental Protection Agency,<br>William Jefferson Clinton Building<br>Mail Code 1101A<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>*Defendant*. | Civil Action No. 1:23-cv-2672<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**STATEMENT OF THE CASE**

1. This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and the declaratory judgment statute, 28 U.S.C. §§ 2201, 2202.

2. With this action, Plaintiffs Clean Air Council, Environmental Integrity Project, and Citizens for Pennsylvania's Future ("PennFuture") (together, "Plaintiffs") seek an order declaring that the United States Environmental Protection Agency ("EPA"), through the Defendant, EPA Administrator Michael Regan ("Administrator"), is required, pursuant to 42 U.S.C. § 7661d(b)(2),

to grant or deny a petition filed by Plaintiffs. The petition requests that the Administrator object to Title V Permit No. 0052-OP22 ("Permit" or "Proposed Permit"), issued by the Allegheny County Health Department ("ACHD") to the United States Steel Corporation ("U.S. Steel") authorizing operation of U.S. Steel's Clairton Coke Works facility ("Clairton Plant" or "facility"). *See* Exhibit A (Petition to Object to Proposed Permit) (attachments omitted). Plaintiffs also seek an order requiring the Administrator to perform his non-discretionary duty to grant or deny this petition.

## JURISDICTION, VENUE, AND NOTICE

3. This is a Clean Air Act citizen suit. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act is a federal statute. The Administrator is an agent of the United States government. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant). This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

4. A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, this suit is being brought against the Administrator in his official capacity as an officer or employee of the EPA, residing in the District of Columbia. Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

5. As required by 42 U.S.C. § 7604(b)(1)(A), Plaintiffs notified the Administrator of the EPA of the violations alleged in this complaint and of Plaintiffs' intent to sue, via certified mail on July 11, 2023. *See* Exhibit B (Notice of Intent to Sue for Failure to Perform a Nondiscretionary Duty to Timely Grant or Deny a Petition to Object to the Issuance of Title V Renewal Operating Permit No. 0052-OP522 for the U.S. Steel Mon Valley Works Clairton Plant) (attachments omitted). More than 60 days have passed since the Administrator received this notice of intent to sue letter. The Administrator has not acted to remedy the violations alleged in this complaint. Therefore, an actual controversy exists between the parties.

**PARTIES**

The Plaintiffs

6. Plaintiff CLEAN AIR COUNCIL is a non-profit environmental health organization headquartered at 135 South 19th Street, Suite 300, Philadelphia, Pennsylvania, 19103. The Council maintains an office in Pittsburgh. The Council has been working to protect everyone's right to a clean environment for over 50 years. The Council has members throughout the Commonwealth who support its mission, including members in Allegheny County.

7. Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national non-profit, non-partisan corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, including steel plants. EPA's failure to timely respond to the petition, which demonstrates that the Title V permit fails to comply with the law, adversely affects EIP's ability to assure that U.S. Steel complies with Clean Air Act requirements at the Clairton Plant.

8. Plaintiff PENNFUTURE is a Pennsylvania-statewide environmental organization dedicated to leading the transition to a clean energy economy in Pennsylvania and beyond.

PennFuture strives to protect our air, water, and land, and to empower citizens to build sustainable communities for future generations. One main focus of PennFuture's work is to improve and protect air quality across Pennsylvania through public outreach and education, advocacy, and litigation.

9. Plaintiffs have an interest in ensuring that U.S. Steel's Title V operating permit complies with all applicable federal requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution from the Clairton Plant. These members and employees, as well as Plaintiff organizations, will be adversely affected if EPA fails to object to U.S. Steel's Title V permit.

The Defendant

10. Defendant MICHAEL REGAN is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act. As described below, the Clean Air Act assigns to the Administrator a non-discretionary duty to grant or deny timely filed Title V petitions within 60 days.

11. For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' petition has caused, is causing, and, unless this Court grants the requested relief, will continue to cause, Plaintiffs concrete injuries that the Court can redress through this case.

## LEGAL AUTHORITY

12. The Clean Air Act is designed "to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population." 42 U.S.C. § 7401(b)(1). To advance this goal, Congress amended the Act in 1990 to establish the Title

4

V operating permit program. *See* 42 U.S.C. §§ 7661–7661f. Title V of the Clean Air Act provides that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter." 42 U.S.C. § 7661a(a).

13. U.S. Steel's Clairton Coke Works is a major source subject to Title V permitting requirements.

14. The Clean Air Act provides that the Administrator may approve a state's program to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d). The Administrator approved ACHD's administration of its Title V operating permit program. 66 Fed. Reg. 55,112 (Nov. 1, 2001). Thus, ACHD is responsible for issuing Title V operating permits in Allegheny County, Pennsylvania.

15. Before ACHD may issue, modify, or renew a Title V permit, it must forward the proposed permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). The Administrator then has 45 days to review the proposed permit. The Administrator must object to the permit if he finds that it does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1). If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit. 42 U.S.C. § 7661d(b)(2).

16. If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days. *Id*.

17. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

# FACTUAL BACKGROUND

18. The U.S. Steel Mon Valley Works Clairton Plaint is the largest by-products coke plant in North America. The Clairton Plant is permitted to operate 10 coke batteries and produces approximately 13,000 tons of coke per day from the destructive distillation (carbonization) of more than 18,000 tons of coal. ACHD, U. S. Steel Clairton Works Title V Operating Permit #0052-OP22, at 5 (Nov. 21, 2022).

19. The facility is located in Allegheny County, Pennsylvania, in an area that has been designated by Pennsylvania as an Environmental Justice area.[1]

20. The Clairton Plant is a major source of carbon monoxide, nitrogen oxides, particulate matter ("PM"), $PM_{10}$, $PM_{2.5}$, sulfur dioxide, volatile organic compounds, and Hazardous Air Pollutants ("HAPs"), including benzene.

21. ACHD released the Draft Permit for public comment on January 13, 2022, setting a 45-day comment deadline of February 28, 2022. ACHD extended the comment period to March 15, 2022. A public hearing was held on February 22, 2022. On March 15, 2022, petitioners timely filed Public Comments on the Draft Permit. The Comments identified specific, significant deficiencies contained in the Clairton Plant's Title V Draft Permit.

22. ACHD provided Petitioners with the Final Renewal Permit, Technical Support Document, and the "Summary of Public Comments and Department Responses on the Proposed Issuance of the U.S. Steel Clairton Works Title V Operating Permit No. 0552" on November 22, 2022.

---

[1] Dep't of Envtl. Prot., PA Environmental Justice Areas, EJ Areas Viewer, www.dep.pa.gov/EJViewer (last visited on Sept. 11, 2023).

23. In the Final Renewal Permit, ACHD did not correct the deficiencies raised in Plaintiffs' Public Comments.

24. EPA's 45-day review period began on November 19, 2022 and ended on January 3, 2023.

25. EPA did not object to the Final Renewal Permit during that period, which initiated the start of the 60-day public petition period.

26. On March 6, 2023, Plaintiffs timely filed with EPA a petition to object to the Final Renewal Title V Operating Permit for the Clairton Coke Works facility ("Petition"). *See* 42 U.S.C. § 7661d(b)(2). The Petition was based on objections to the Clairton Plant Draft Permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

27. The Administrator was required to grant or deny the Petition within 60 days, or by May 5, 2023. 42 U.S.C. § 7661d(b)(2). As of the date of this Complaint, he has not yet done so.

28. On July 11, 2023, Plaintiffs sent Administrator Michael Regan notice of their intent to sue for his failure to grant or deny the Petition within 60 days.

## CLAIM FOR RELIEF

### VIOLATION OF 42 U.S.C. § 7661d(b)(2)
### (Failure to Respond to Plaintiffs' Petition)

29. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1–27.

30. The Clean Air Act required the Administrator to act on the Petition within 60 days of its filing. 42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator *shall* grant or deny such a petition within 60 days after the petition is filed") (emphasis added). This is a non-discretionary duty.

31. It has been more than 60 days since the Administrator received the Petition. The Administrator's failure to grant or deny the Petition constitutes a failure to perform an act or duty that is not discretionary. 42 U.S.C. § 7604(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

A. Declare that the Administrator's failure to grant or deny the Plaintiffs' Petition within 60 days constitutes a failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B. Order the Administrator to grant or deny the Petition within sixty (60) days;

C. Retain jurisdiction over this action to ensure compliance with the Court's Order;

D. Award Plaintiffs their costs and fees related to this action; and

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted this <u>12th day of September, 2023</u>.

<u>/s/ Jennifer Duggan</u>
Jennifer Duggan, D.C. Bar ID No. 978352
Lisa W. Hallowell, D.C. Bar ID No. 995142*
*(admission to the District Court of the District of Columbia pending)*
Environmental Integrity Project
1000 Vermont Ave. N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 294-3282
Fax: (202) 296-8822
Jduggan@environmentalintegrity.org
Lhallowell@environmentalintegrity.org

*Counsel for Plaintiffs*